PROB 12C
(6/16)

# United States District Court

### for the

### Eastern District of Washington

Report Date: July 9, 2020

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 10, 2020

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Michael Paul Wang         Case Number: 0980 2:17CR00119–LRS-1

Address of Offender:

Name of Sentencing Judicial Officer:  The Honorable Lonny R. Suko, Senior U.S. District Judge

Date of Original Sentence: March 14, 2018

| | |
|---|---|
| Original Offense: | Possession with Intent to Distribute a Mixture or Substance Containing a Detectable Amount of Heroin, 21 U.S.C. § 841(a)(1) and (b)(1)(C); Possession with Intent to Distribute a Mixture or Substance Containing a Detectable Amount of Methamphetamine, 21 U.S.C. § 841(a)(1) and (b)(1)(C) |
| Original Sentence: | Prison - 30 Months      Type of Supervision: Supervised Release
TSR - 36 Months |
| Revocation Sentence:
(March 17, 2020) | Prison - 4 Months
TSR - 36 Months |
| Asst. U.S. Attorney: | Patrick J. Cashman         Date Supervision Commenced: June 2, 2020 |
| Defense Attorney: | J. Houston Goddard         Date Supervision Expires: June 1, 2023 |

## PETITIONING THE COURT

**To issue a SUMMONS**.

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number    Nature of Noncompliance

1    **Standard Condition #13**: You must follow the instructions of the probation officer related to the conditions of supervision.

**Supporting Evidence**: Mr. Wang is alleged to have violated standard condition number 13 by failing to follow the undersigned officer's directive that he immediately advise the undersigned officer on the day in question about his current living situation following his previous release from Inland Northwest Behavioral Health on July 2, 2020.

On June 4, 2020, Mr. Wang's conditions of supervised release relative to cause number 2:17CR00119-LRS-1 were reviewed with him telephonically, given the current COVID-19 pandemic. In addition, on June 22, 2020, the client's signed conditions were emailed to the U.S. Probation Office in Spokane, Washington, by the client's then assigned social worker with Inland Northwest Behavioral Health. Specifically, Mr. Wang was advised that he was to follow all instructions given by the undersigned officer related to his conditions of supervised release.

Prob12C
Re: Wang, Michael Paul
July 9, 2020
Page 2

As the Court may recall, based on the petition for modification previously submitted to the Court on June 12, 2020, on June 7, 2020, Mr. Wang was accepted into inpatient mental health services with Inland Northwest Behavioral Health in Spokane, Washington, to allow for the client to become stabilized on his newly established medication regimen. On June 30, 2020, the undersigned officer was contacted by both the client and his assigned social worker who advised of the client's scheduled and pending release from the facility, initially effective that day, despite numerous requests by the undersigned officer to provide the U.S. Probation Office with advance notice of the client's release so that a residential reentry center (RRC) placement could be secured for the client

The undersigned officer was able to secure RRC placement for the client effective July 7, 2020, and the client was scheduled to transition into a mental health transitional facility until his July 7, 2020, bed date at the Spokane RRC, assuming that a bed could be located and retained. Mr. Wang planned to release to his father's address in Spokane, Washington, as a last resort. Mr. Wang  was directed to contact the undersigned officer as soon as he released so the undersigned officer remained aware of his current status and whereabouts. Mr. Wang committed to doing so.

Mr. Wang then failed to contact the undersigned officer as directed. On both July 7 and 8, 2020, voice mails to the client's previously assigned social worker went without response, and on July 8, 2020, the undersigned officer was able to make contact with the client's father who advised the client had remained living with him since last week, the client was currently at his residence, and that the client now had his own cell phone, although he did not immediately know the number. Mr. Wang then immediately contacted the undersigned officer and both admitted to failing to contact the undersigned officer as directed and apologized for his conduct. Mr. Wang advised he had no reason for not following through with the undersigned officer's directive other than he was concerned about his father's health.

2          **Special Condition #7**: You must reside in a residential reentry center (RRC) for a period up to 180 days at the direction of the supervising officer. Your participation in the programs offered by the RRC is limited to employment, education, treatment, and religious services at the direction of the supervising officer. The defendant shall abide by the rules and requirements of the facility.

**Supporting Evidence**: Mr. Wang is alleged to have violated special condition number 7 by failing to report to the Spokane RRC for public law placement effective July 7, 2020, as directed by the undersigned officer.

As the Court may recall, on June 12, 2020, a petition for modification was drafted and forwarded to the Court in an effort to allow the client access to public law resources and housing given the client's current state of homelessness in the Spokane area. On June 15, 2020, the Court graciously granted the request. As a part of the petition process Mr. Wang signed the waiver of hearing to modify conditions form noting his understanding and approval of the imposed condition.

As the Court may additionally recall, on June 7, 2020, Mr. Wang was accepted into inpatient mental health services with Inland Northwest Behavioral Health in Spokane, Washington, to allow for the client to become stabilized on his newly established medication regimen. On June 30, 2020, the undersigned officer was contacted by both the client and his assigned social worker who advised of the client's scheduled and pending release from the facility, initially effective that day, despite numerous requests by the undersigned officer to provide

Prob12C
Re: Wang, Michael Paul
July 9, 2020
Page 3

the U.S. Probation Office with advance notice of the client's release so that RRC placement could be secured for the client.

The undersigned officer was able to secure RRC placement for the client effective July 7, 2020, and the client was directed to report to the facility for intake on the day in question. On July 8, 2020, the undersigned officer received notification from RRC staff advising the client had failed to report to the facility as previously directed and required.

It should be noted that the client had previously requested to reside with his father, but this request was denied by the undersigned officer for anything other than an absolute last resort and only to mitigate homelessness given past disturbances between the parties, the client's previous statements of alcohol being present in the residence, and the client's past statements that his father suffers from undiagnosed mental health concerns.

On July 8, 2020, Mr. Wang's father was contacted and he advised the client had remained living with him at his residence since his previous release from inpatient mental health services as previously occurring the week prior. Mr. Wang subsequently contacted the undersigned officer and advised he thought his bed date was scheduled with the Spokane RRC for Thursday, July 9, 2020.

The U.S. Probation Office respectfully recommends the Court **issue a SUMMONS** requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    July 9, 2020

s/ Chris Heinen

Chris Heinen
U.S. Probation Officer

---

THE COURT ORDERS

[ ]  No Action
[ ]  The Issuance of a Warrant
[✓]  The Issuance of a Summons
[ ]  Other

_____
Signature of Judicial Officer

July 10, 2020
Date